IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| DHL EXPRESS (USA), INC. | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to a class of Black employees who were adversely affected by such practices.

## JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern

1

Division.

**PARTIES**

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant DHL Express (USA), Inc., has continuously been a corporation doing business in the State of Illinois and the Cities of Lisle, Alsip and/or Franklin Park, Illinois.

7. At all relevant times, Defendant DHL Express (USA), Inc., has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant DHL Express (USA), Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

9. More than thirty (30) days prior to the institution of this lawsuit, at least twenty four (24) individuals filed charges of discrimination with the Commission alleging violations of Title VII by Defendant DHL Express (USA), Inc. These charges include, but are not limited to, the following: Reginard Bailey, Charge No. 440-2007-00750; Kenneth Brisco, Charge No. 440-2006-09897; Oliver Dean, Charge No. 440-2006-08543; Melvin Edwards, Charge No. 440-2006-09895; John Ellis, Charge No. 440-2007-03711; Barbara Fells, Charge No. 440-2006-04497; Ronnie Ford, Charge No. 440-2006-09065; Benita Green Riley, Charge Nos. 440-2007-00749 & 440-2007-07620; Demario Jackson, Charge No. 440-2006-03420; Michael Johnson, Charge No. 440-2006-08549; Anthony Jordan, Charge No. 440-2006-09056; Miranda Lester, Charge No. 440-2006-09050; Aldrich McNeal,

Jr., Charge No. 440-2008-01040; Sandra McNeely, Charge Nos. 440-2006-08544 & 400-2007-00752; Edgar Medley, Charge No. 440-2006-08548; Arlene Mora, Charge No. 440-2007-00852; Timothy Price, Charge Nos. 440-2006-08541, 440-2006-09073, & 440-2007-04338; Janet Smith, Charge No. 440-2007-05517; Alonzo Studstill, Charge No. 440-2006-09072; Paul Thomas, Charge Nos. 440-2006-06535 & 440-2006-09070; Randy Thompson, Charge No. 440-2006-09068; Shree Washington, Charge No. 440-2007-00746; George White, Charge No. 440-2006-08546; and Sandra Williams, Charge No. 440-2006-09059 (collectively, "Charging Parties").

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least 2005, Defendant DHL Express (USA), Inc. has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include, but are not limited to, subjecting a class of Black employees, including but not limited to the Charging Parties, to different terms and conditions because of their race and segregating employees by race at Defendant's Lisle, Alsip and Franklin Park, Illinois. Specifically, Defendant DHL Express (USA), Inc. assigned a class of Black employees, including but not limited to the Charging Parties, to less desirable, more difficult and/or more dangerous dock and route assignments than White employees. In addition, Defendant DHL Express (USA), Inc. segregated employees by race by assigning Black drivers to delivery routes in predominately Black neighborhoods and assigning White drivers to delivery routes in predominately White neighborhoods.

12. The result of the practices complained of in Paragraph 11 has been to deprive a class of Black employees, including but not limited to the Charging Parties, of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

13. The unlawful employment practices complained of above were intentional.

3

14. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of a class of Black employees, including but not limited to the Charging Parties.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make whole a class of Black employees, including but not limited to the Charging Parties, by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, including medical expenses, in amounts to be determined at trial;

D. Order Defendant to make whole a class of Black employees, including but not limited to the Charging Parties, by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E. Order Defendant to pay a class of Black employees, including but not limited to the Charging Parties, punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

F. Prohibit Defendant from discriminating against any individual for engaging in

protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

G. Grant such further relief as this Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Aaron R. DeCamp
Aaron R. DeCamp
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661