## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6139 | **DATE** | 12/27/2011 |
| **CASE TITLE** | EEOC vs. DHL Express | | |

**DOCKET ENTRY TEXT**

The Court grants in part, and denies in part, DHL's motion to compel [81]. As explained in the minute order, the EEOC shall supplement its discovery responses, by 1/17/12, with a document stating which, if any, of the Charging Parties are currently employed, and, as applicable, the identity of the each Charging Party's employer.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On December 9, 2010, Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed a First Amended Complaint alleging race discrimination claims in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant DHL Express (USA), Inc. ("DHL"). Presently before the Court is DHL's motion to compel. (R. 81.) For the reasons explained below, the motion is granted in part, and denied in part.

## BACKGROUND

The EEOC brings this action on behalf of the 24 individuals and others similarly situated who were employed at DHL's Lisle, Alsip, and Franklin Park, Illinois facilities as pick-up and delivery employees (the "Charging Parties"). The EEOC alleges that DHL engaged in "unlawful employment practices" by, among other things, "subjecting a class of Black employees . . . to different terms and conditions because of their race and segregating employees by race" at certain facilities in Illinois. (R. 26, Am. Compl. ¶ 11.) Further according to the EEOC, DHL "assigned a class of Black employees . . . to less desirable, more difficult and/or more dangerous dock and route assignments than White employees[, and] segregated employees by race by assigning Black drivers to delivery routes in predominately Black neighborhoods and assigning White drivers to delivery routes in predominately White neighborhoods." (*Id.*)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On account of DHL's alleged unlawful employment practices, the EEOC seeks, among other things, an order that requires DHL "to make whole a class of Black employees, including but not limited to the Charging Parties, by providing compensation for" (1) "past and future pecuniary losses resulting from those unlawful employment practices, including medical expenses, in amounts to be determined at trial," and (2) "past and future non-pecuniary losses resulting from those unlawful employment practices, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial." (*Id.*, Prayer for Relief ¶¶ C, D.) Most recently, the EEOC has "withdraw[n] its claims for pecuniary compensatory damages."[1] (R. 85, EEOC Resp. at 3.)

## LEGAL STANDARD

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). In the context of motions to compel, a district court has broad discretion to "grant or deny the motion in whole or in part," or "similar to ruling on a request for a protective order under Rule 26(c), . . . fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996); *see also Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008).

## DISCUSSION

In this case, DHL seeks to compel the EEOC to produce documents and information regarding (1) "the income and employment, since leaving DHL, of each [Charging Party]," and (2) "medical treatment and non-wage damages, since leaving DHL of each [Charging Party]." (R. 82, DHL Mem. at 3, Exs. 1-2 (Doc. Req. Nos. 13-15 & Interrogs. 11-13 (income and employment), and Doc. Reqs. No. 42, Interrog. 9 (medical and non-wage damages)). The Court addresses each category of discovery in turn.

### I.  DHL's Request for Income and Employment Information

DHL first seeks to compel the EEOC's responses to Document Request Nos. 13-15, and Interrogatory Nos. 11-13, which together seek information and documents "regarding the post-DHL employment income, benefits and employment" of the Charging Parties. (DHL Mem. at 4.) DHL propounded this discovery on January 31, 2011, and the EEOC thereafter objected and refused to respond. The specific discovery requests at issue are the following:

- ■ DHL Document Request No. 13: For each individual on whose behalf EEOC brings this lawsuit and who is no longer employed by DHL, payroll checks and stubs, bank statements, canceled checks, and receipts, that disclose all actual or deferred income earned from any source or any other compensation or remuneration for services of any kind received by or accruing to such individual from the date the individual's employment with DHL terminated to the present, including, but not limited to, income from any employer, selfemployment, business venture, unemployment compensation, workers' compensation, social security benefits, welfare benefits,

---

[1] In its response to the present motion, the EEOC expressly withdrew its claims "for pecuniary compensatory damages." The Court will construe the EEOC's express statement as a motion to voluntarily dismiss those claims, and grants the motion as such.

disability (public or private) benefits, health insurance benefits, investment income, gifts, or any income supplement of any form, and any documents setting forth the terms of any pension or profit sharing plan or other benefits to which such individual may be entitled from any employer either presently or in the future.

- DHL Document Request No. 14: For each individual on whose behalf EEOC brings this lawsuit and who is no longer employed by DHL, all documents that relate to any benefits received from any employer with whom the individual has been employed from the time the individual's employment with DHL terminated until the present, including, but not limited to, life insurance, medical insurance, stock options, 401(k) plans, other retirement plans, profit sharing plans, employee handbooks, employment contracts, employee discounts, etc.

- DHL Document Request No. 15: For each individual on whose behalf EEOC brings this lawsuit and who is no longer employed by DHL, all documents that relate to the efforts of that individual to obtain employment during the period from the time the individual's employment with DHL terminated until the present, including, but not limited to, applications for employment, resumes, letters to and/or from potential or prospective employers (including offer and rejection letters), offers of employment, employment contracts, and any other communication or documents produced or obtained by such individual in connection with any search for employment, including, but not limited to, calendars, appointment books, telephone logs, and classified advertisements to which such individual responded, etc.

- DHL Interrogatory No. 11: For each person identified in your answer to Interrogatory No. 2 who is no longer employed by DHL, state whether the person has been employed (other than at DHL) in any manner, including self-employed, at any time from the date the individual's employment with DHL terminated to the present. If so: a. state the dates of such employment or self-employment; b. state the name, address and telephone number of each employer where the person is or was employed or self-employed and state the nature of its business; c. state the title of each position the person has held and the dates the person held each such position; d. state the names of each of the person's supervisors at each position identified in subpart (c) of this interrogatory; e. state the person's salary at each position identified in subpart (c) of this interrogatory; f. state all benefits supplied to the person at each position identified in subpart (c) of this interrogatory and whether you were eligible for any bonus or commission payments in each position; g. if the person left any employment, explain the reasons and circumstances surrounding termination or resignation; h. state the person's gross earnings received from such employer or self-employment; and i. identify all documents related to your answer.

- DHL Interrogatory No. 12: For each individual identified in your answer to Interrogatory No. 2 who is no longer employed by DHL, state whether the person has received any income from the date the individual's employment with DHL terminated to the present, from any sources other than those identified above, including but not limited to unemployment compensation; income from any person, profit-sharing or annuity plan; separation or severance pay; accrued benefits (e.g., vacation); "welfare" or "public assistance" payments; investments; stocks, disability benefits; or social security benefits. If so, as to each state: a. date of first payment; b. method of payment; c. frequency of payment; d. amount of each individual payment; e. total amount of income from each source received to date; f. total amount not yet received but expected from each source, and over what period; g. the date(s) from which unemployment compensation or public assistance payments (if any) have been received or applied for; and h. identify all documents related to your answer.

> ■ DHL Interrogatory No. 13: For each person identified in your answer to Interrogatory No. 2 who is no longer employed by DHL, identify whether there are any periods during which the individual was unable to work, and if so, state the time frame during which the individual was unable to work and the nature of the inability to work. Identify all documents that relate to your answer.

(R. 81, DHL Mot. ¶ 5.)

In moving to compel, DHL argues that its discovery requests are reasonably calculated to lead to the discovery of admissible evidence on the EEOC's claim for damages. The EEOC disagrees, objecting that the discovery requests exceed the scope of Rule 26(b), and would both unduly invade the privacy interests of the Charging Parties, and burden the EEOC. The Court agrees in part.

As an initial matter, the Court rejects DHL's argument that the requested discovery is relevant to whether the Charging Parties adequately mitigated their damages. Mitigation is not at issue in this case because DHL has not pleaded the affirmative defense of mitigation in its Amended Answer. *See* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading"); *Gaffney v. Riverboard Servs. of Ind., Inc.*, 451 F.3d 424, 460 (7th Cir. 2006) (noting that failure to mitigate damages is an affirmative defense); *EEOC v. Ilona of Hungary*, 108 F.3d 1569, 1581 (7th Cir. 1997) (same). Additionally, the EEOC is "not seeking back-pay or front-pay on behalf of any of the claimants, so there are no income damages for the claimants to mitigate." (EEOC Resp. at 3 (further stating that the EEOC has "withdrawn its claims for pecuniary compensatory damages.").)

DHL's primary argument is that the employment-related records and information are "highly relevant" to the EEOC's claims of emotional distress, reasoning that "[s]howing that the [Charging Parties] successfully pursued other jobs and careers after their DHL employment would directly bear upon the allegations that the [Charging Parties] suffered 'emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience.'" (DHL Mem. at 5 (quoting Am. Compl., Prayer for Relief ¶ D).) DHL's reasoning is somewhat attenuated, particularly in light of the EEOC's express withdrawal of its claims of emotional distress and psychological injury, except its claim of "garden variety" emotional injuries. *See Taylor v. ABT Electronics, Inc.*, No. 05 C 576, 2007 WL 1455842, at *2 (N.D. Ill. May 14, 2007) (noting that garden variety damages are not medically based, but instead are "compensation for humiliation, embarrassment, and similar emotions").

Permitting wholesale discovery into the Charging Parties' sensitive personal information under these circumstances would not likely result in the discovery of admissible evidence, and seems inappropriate in this case. This is especially true here, given the nature of the relief sought by Plaintiffs. Indeed, to the extent the discovery would have any evidentiary value, the overly broad and intrusive nature of DHL's requests would outweigh any such value. DHL seeks scores of documents relating to each Charging Party – including federal and state tax returns and even personal calendars and telephone logs – the combination of which would unduly subject the Charging Parties' personal lives to judicial scrutiny, and impose an enormous burden on them and the EEOC, in a manner not relevant or reasonably necessary to the claims or defenses at issue. *See, e.g.*, *Webb v. CBS Broadcasting, Inc.*, No. 08 C 6241, 2011 WL 111615, at *6 (N.D. Ill. Jan. 13, 2011) ("Runaway discovery that has little relevance to the case and is excessive, burdensome, unnecessary, and intrusive justifies resorting to court intervention.") (internal quotation marks and citation omitted).

Nonetheless, in light of the liberal nature of discovery under the Federal Rules, and in the interest of moving this litigation forward, the Court orders the EEOC supplement its discovery responses, by January 17, 2012, with a document stating which, if any, of the Charging Parties are currently employed, and, as applicable, the identity of the each Charging Party's employer.

Accordingly, the Court grants in part, and denies in part, DHL's motion to compel as to Document Request Nos. 13-15, and Interrogatory Nos. 11-13.

## II. DHL's Request for Medical Records

DHL next seeks to compel the EEOC's responses to Document Request No. 42, and Interrogatory No. 9,

which together seek information and documents relating to any medical treatment, counseling or care that any Charging Party has sought since January 1, 2006. DHL propounded this discovery on January 31, 2011, and the EEOC thereafter objected and refused to respond. The specific discovery requests at issue are the following:

- <u>DHL Document Request No. 42</u>: All medical records, billing statements, documents, receipts of payment, insurance claim forms, or other written materials or tangible items relating to any medical treatment, counseling, or care that each individual on whose behalf EEOC brings this lawsuit has received or sought since January 1, 2006.

- <u>DHL Interrogatory No. 9</u>: With respect to your damages claims for any non-wage related damages allegedly suffered as a result of DHL's actions, for each individual identified in your answer to Interrogatory No. 2, state the following with respect to such injury: a. describe with particularity the exact nature of the alleged compensable injury; b. state the precise monetary amount claimed as damages; c. state whether professional advice was sought for any such physical or psychological injury and, if professional advice was sought, state: (1) the name, address, telephone number of each physician, psychologist, psychiatrist, social worker, therapist, or other health care professional or paraprofessional consulted; (2) the date(s) on which each person was consulted; (3) the nature of the treatment, if any, provided and the dates thereof; (4) the results of such treatment, including any diagnosis rendered by the treating health care professional or paraprofessional; and (5) the total medical expenses incurred for each such person. d. state whether hospitalization was required for any such physical or psychological injury and, if so, identify the hospital involved, the dates of hospitalization, the treatment provided, the names and addresses of all attending physicians, and the total medical bills allegedly incurred; e. identify each and every person who you believe has knowledge of participation in the identified treatment programs and describe the knowledge you believe they possess; and f. identify all documents related to your answer.

(DHL Mot. ¶ 6.)

Despite the breadth of these requests, DHL seeks to compel only medical records and information insofar as they relate to psychological treatment. DHL argues that "[b]y seeking damages for emotional distress, the EEOC has put the [Charging Parties'] psychological state[s] at issue." (DHL Mem. at 6.) The EEOC responds that it has limited the emotional distress portion of its compensatory damages claim to "garden variety" psychological injuries, and therefore DHL cannot inquire into the specifics of the Charging Parties' psychological history. (EEOC Resp. at 6.) The Court agrees.

The overwhelming weight of authority in this District holds that an individual's medical records are not discoverable unless that individual has placed her psychological state in issue by claiming more than mere "garden variety" psychological injuries. *See, e.g.*, *Walti v. Toys R Us*, No. 10 CV 2116, 2011 WL 4715198, at *2 & n. 3 (N.D. Ill. Aug. 31, 2011) (collecting cases, and holding that injuries were more than mere "garden variety," where plaintiff seeks damages for post-traumatic stress disorder); *Flowers v. Owens*, 274 F.R.D. 218, 220 (N.D. Ill. 2011); *Noe v. R.R. Donnelley & Sons*, No. 10 C 2018, 2011 WL 137698, at *1 (N.D. Ill. Apr. 12, 2011) (citing *Santos v. The Boeing Co.*, No. 02 C 9310, 2003 WL 23162439, at *1 (N.D. Ill. Oct.21, 2003) ("The fact that Santos seeks damages for emotional distress does not in itself justify allowing Boeing to pry into Santos' mental health records.")); *Kronberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 994 (N.D. Ill. 2010); *Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *2-3 (N.D. Ill. May 21, 2004); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531-32 (N.D. Ill. 1999). Here, in light of the EEOC's abandonment of all claims of emotional distress and psychological injury, except its

claim of "garden variety" emotional injuries, the Court denies DHL's motion to compel.[2]

Accordingly, the Court denies DHL's motion to compel as to Document Request No. 42, and Interrogatory No. 9.

## CONCLUSION

For the reasons set forth above, the Court grants in part, and denies in part DHL's motion to compel.

---

[2] In denying the motion, the Court shall hold the EEOC to its assertion that it is only seeking damages for the "garden variety" type of emotional distress. This means that the EEOC cannot later claim more significant emotional injuries by, for instance, attempting to prove "emotional distress damages by referring to symptoms that [a] psychologists treated," or otherwise "make the findings of [any mental health professional] relevant matter in this case." *Santos*, 2003 WL 23162439, at *2; *see also Flowers*, 274 F.R.D. at 220 (citing *Santelli*, 188 F.R.D. at 310 (holding that evidence of "garden variety" emotional damages is limited to "the negative emotions that [plaintiff] experienced as the intrinsic result of defendant's alleged conduct," such as "humiliation, embarrassment, and other similar emotions," but excluding "any resulting symptoms or conditions that [he] might have suffered," including "sleeplessness, nervousness, [and] depression"); *Taylor*, 2007 WL 1455842, at *2 (noting that "garden variety" damages are "compensation for humiliation, embarrassment, and similar emotions").