**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 10-CV-06139** |
| **and** ) | |
| ) | **Judge Andrea R. Wood** |
| **REGINALD BAILEY, et.al.,** ) | |
| ) | |
| **Intervening-Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DHL EXPRESS (USA), INC.,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**CONSENT DECREE**</u>

1.      On September 24, 2010, the U.S. Equal Employment Opportunity Commission

("EEOC" or the "Commission") filed a lawsuit, Case No. 10-cv-06139, against Defendant DHL

Express (USA), Inc., ("DHL") alleging that since at least 2005, DHL violated Title VII of the

Civil Rights Act of 1964 by subjecting a class of Black employees to different terms and

conditions of employment because of their race by assigning them to less desirable, more

difficult and/or more dangerous dock and route assignments compared to White employees.

EEOC also alleges that DHL segregated employees by race by assigning Black drivers to routes

in predominately Black neighborhoods and assigning White drivers to routes in predominantly

White neighborhoods, and by making dock assignments based on race, in violation of Title VII.

2.      Reginald Bailey, Kenneth Briscoe, Oliver Dean, Melvin Edwards, John Ellis,

Ronnie Ford, Benita Green-Riley, Nathaniel Jackson, Michael Johnson, Anthony Jordan,

Miranda Lester, Sandra McNeely, Edgar Medley, Timothy Price, Alonzo Studstill, Paul Thomas,

Randy Thompson, Sharee Washington, George White, and Sandra Williams, (collectively, "Plaintiff-Intervenors") intervened in EEOC's action. Plaintiff-Intervenors allege that DHL violated Title VII and 42 U.S.C. § 1981 ("Section 1981") by discriminating against them in their terms and conditions of employment because of their race by segregating employees by race in job assignments. They alleged that DHL assigned themselves and other Black employees to less desirable, more difficult, and/or more dangerous dock and route assignments than White employees. They also alleged that DHL segregated Black drivers to delivery routes in predominately Black neighborhoods and White drivers to routes in predominantly White neighborhoods. Nathaniel Jackson also alleged that he and other black employees were discriminated against based on race with respect to promotions and that he was discriminated against based on his religion in an Intervening Complaint dated November 30, 2012 ("Jackson Complaint"). Plaintiff-Intervenor Timothy Price filed a charge dated February 18, 2022, Charge No. 440-2022-03762, alleging that he and others have been subjected to discrimination on the basis of his race and retaliation for participating in actions to protest racism and as a Plaintiff-Intervenor in the EEOC's action ("Price Charge").

3.      DHL filed Answers denying these allegations and further denies that it continues to discriminate or retaliate against Tim Price as alleged in the Price Charge and against Nathaniel Jackson as alleged in the Jackson Complaint.

4.      In the interest of resolving this lawsuit and the above allegations, and as a result of comprehensive settlement negotiations, EEOC, Plaintiff-Intervenors, and DHL (collectively, the "Parties") have agreed to resolve all issues through this Consent Decree.

5.      Nothing in this Decree shall be construed as an admission by any Party of the claims or defenses of any other Party in this Action or in the Price Charge or in the Jackson Complaint.

6.      This Decree fully and finally resolves all allegations, issues and claims arising out of the Charges, the Complaint, Amended Complaint, and Complaints in Intervention as well as the Price Charge and the Jackson Complaint (collectively, the Action) and as set forth more fully for Claimants and Plaintiff-Intervenors in their respective releases (an exemplar of which is attached hereto as Exhibit A and B).

## FINDINGS

7.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

   a.   This Court has jurisdiction over the subject matter of this action and the Parties;

   b.   The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Parties, Charging Parties, Claimants, Plaintiff-Intervenors, and the public are adequately protected by this Decree;

   c.   This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and Section 1981, and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of the Title VII and Section 1981 and will be in the best interests of the Parties, Charging Parties, Plaintiff-Intervenors, all Claimants, and the public.

## SCOPE

8.    In the interest of resolving this matter, the Parties have agreed that this Action should be finally settled by entry of this Decree, and all claims brought by the Parties, including those arising out of any of the same factual predicates as those in the Action, will be fully and completely resolved by this Decree. The terms of this decree shall apply to the ORD station, Midway station, and any other stations in Cook, Lake (IL), DuPage, McHenry, Will, Kendall, and Kane counties, including stations that are opened after entry of the Decree (the "Covered Stations") during the Term of the Decree.

## INJUNCTIONS AGAINST DISCRIMINATION AND SEGREGATION IN THE COVERED STATIONS

9.    This Decree shall be binding on and enforceable against Defendant, its directors, officers, agents, successors, and assigns, and all such persons are hereby enjoined at the Covered Stations from discriminating against Black employees on the basis of race with respect to their work assignments and other terms and conditions of employment, including but not limited to, assigning work based on the race of the employee and/or the demographics of customers or delivery areas.

10.    DHL, its directors, officers, agents, successors and assigns, and all such persons are hereby enjoined at the Covered Stations from engaging in segregation, including but not limited to, assigning work based on the race of the employee and/or the demographics of customers or delivery areas.

## INJUNCTION AGAINST RETALIATION IN THE COVERED STATIONS

11.    DHL, its directors, officers, agents, successors and assigns, and all such persons are hereby enjoined at the Covered Stations from engaging in any form of retaliation against any

person because such person has opposed any race discrimination or segregation made unlawful under Title VII; filed a Charge of Discrimination under Title VII related to such practices; testified or participated in any manner in any investigation, proceeding, or hearing under Title VII related to such practices; or asserted any rights or undertook any obligation under this Decree.

### **MONETARY RELIEF**

12.     DHL shall pay a gross sum of $8,700,000 to be allocated in the sole discretion of the EEOC, in consultation with Plaintiff-Intervenors, as indicated in a Distribution List to be provided by EEOC to Defendant within thirty (30) calendar days of the entry of this Decree. The EEOC will send Defendant the Distribution List which will list the amounts to be paid to the Plaintiff-Intervenors, counsel for Plaintiff-Intervenors, and the Claimants[1] for whom the EEOC seeks relief. The Distribution List will also designate separately the amounts to be paid as compensatory damages, and those to be paid as attorney fees and costs to Plaintiff-Intervenors' counsel.

13.     EEOC's determinations of the amount of the monetary award for each Claimant who has not intervened in this case will be based on the following factors: the alleged severity of discrimination and segregation they experienced; the duration of the alleged discrimination and segregation they experienced; the extent of harm caused by the alleged discrimination and segregation; and whether the Claimant filed a charge of discrimination with EEOC.

14.     Within fourteen (14) calendar days of receiving a claim, meaning a signed release and completed IRS Form W-9 from a Claimant, Plaintiff-Intervenor (and their attorney, if relevant), or a signed release from a deceased Plaintiff-Intervenor or Claimant through a

---

[1] Claimants includes all individuals listed in Appendix A of ECF No. 413, excluding the Plaintiff-Intervenors.

representative of their estate and/or person with power of attorney (and applicable Form W-9), DHL shall send payment in the amount and to the address specified in the applicable release (either Exhibit A or B). Within seven (7) calendar days of sending payment, Defendant will provide the EEOC a copy of each check to the following person: Luca Strohmeier, luca.strohmeier@eeoc.gov.

15.     Claims may be filed by deceased Plaintiff-Intervenors or Claimants through their legal representatives and/or representatives of their estate if appropriate documentation (letters, testamentary, authorizations, or the equivalent) is provided. Any claims paid to a deceased Plaintiff-Intervenor or Claimant shall be made payable to the estate of the deceased Plaintiff-Intervenor or Claimant or its legal representative as determined by EEOC or Plaintiff-Intervenor's counsel.

16.     In no event shall there be any reversion of any portion of the monetary relief to DHL. If a Claimant does not return a signed release within 90 days of entry of the decree, the portion of the settlement allocated to that Claimant shall be paid to the Chicago Urban League as a *cy pres* fund recipient. If any Claimant's check is undeliverable or uncashed within 90 days of issuance, and EEOC cannot locate the Claimant, the missing Claimant shall receive no payments under the decree and their portion of the settlement shall be paid to the Chicago Urban League as a *cy pres* fund recipient.

17.     All monetary payments made under this decree shall constitute compensatory damages or attorney fees and costs for which no withholdings shall be made. DHL shall issue IRS Form 1099 reflecting such payments.

18.     Within seven days of entry of the Decree, DHL shall provide its EIN number to EEOC. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC

is required to issue one is: Brian Yaussy, Senior Director Corporate Tax, US, DHL Supply Chain, 360 Westar Blvd, Westerville, Ohio 43082-7627.

    a. Neither DHL, Plaintiff-Intervenors, nor the EEOC have made any representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    b. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    c. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    d. The parties are not acting in reliance on any representations made by the EEOC, Plaintiff-Intervenors, or DHL regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**CONSENT DECREE MONITOR**

19.     Former EEOC Vice Chair and Commissioner Leslie Silverman shall be appointed as the Consent Decree Monitor (or "Monitor") to oversee the implementation by DHL of the terms of this decree. The Monitor will have authority under Court supervision to assess and monitor DHL's compliance with the terms of this Decree and to report to EEOC, DHL, and the Court regarding DHL's compliance. The policies, practices, and programs subject to oversight by the Consent Decree Monitor include the efficacy of DHL's complaint procedures; the quality of investigations undertaken in response to complaints; the status of all required training under

the Decree; implementation of any changes in DHL's anti-discrimination policies and complaint procedures; and evaluating whether work assignments are made without regard to race.

20.     The Consent Decree Monitor shall be allowed to familiarize herself with the lawsuit by communicating with counsel for EEOC, Plaintiff-Interveners and/or DHL and by reviewing documents provided by EEOC, Plaintiff-Interveners, and/or DHL.

21.     If the Consent Decree Monitor cannot serve as a Monitor for the full term of the Decree, EEOC shall propose a replacement Monitor, subject to DHL's approval. DHL's approval shall not be unreasonably withheld. If the EEOC and DHL agree on a replacement Monitor, they shall file a joint motion for an order from the Court appointing the replacement Monitor. If the parties are unable to agree on a replacement Monitor, the Court shall resolve the issue.

22.     The Consent Decree Monitor shall be responsible for monitoring the investigation of all complaints of discrimination based on race and all complaints of retaliation for opposition to such discrimination.

23.     For the duration of the Decree, DHL shall notify the Consent Decree Monitor of all complaints of race discrimination reported to DHL within ten (10) calendar days of receipt of the complaint. With respect to complaints of retaliation for reporting race discrimination, DHL shall notify the Monitor as soon as practicable and, in any event, no later than ten (10) calendar days after DHL receives any complaint of retaliation.

24.     Upon completion of its investigation of complaints of race discrimination or of retaliation for reporting race discrimination, DHL shall promptly prepare and provide the Monitor with a copy of a written report summarizing the non-privileged aspects of the investigation undertaken and any remedial actions taken or proposed by DHL, and shall also

promptly communicate to the complainant the results of the investigation, the remedial actions taken or proposed, if any, the complainant's right to appeal DHL's finding to the Monitor, and the Monitor's name, address, and telephone number.

25.     The Consent Decree Monitor will review DHL's investigation and, where appropriate, may make recommendations to DHL regarding the investigation and resolution of complaints.  The Monitor may interview the complainant and other persons of interest with respect to any complaints if the Monitor deems it appropriate.

26.     If, upon receiving and reviewing an appeal from an individual complainant or upon her own initiative, the Monitor believes that the remedial action proposed by DHL is inconsistent with DHL's anti-discrimination policy or the terms of this Decree, the Monitor shall first attempt to resolve the disagreement with DHL.  If DHL and the Monitor are unable to resolve their disagreement to the satisfaction of the Monitor, the Monitor shall report to EEOC any such inconsistency and EEOC may pursue the matter with the Court.

27.     Except for communicating as may be necessary with DHL or EEOC, the Monitor and any staff or experts who assist the Monitor shall retain in strict confidence all information supplied by DHL relating to each complaint.

28.     DHL shall fully cooperate with the Consent Decree Monitor in connection with her efforts to oversee and monitor the implementation of the terms of this Decree. The Monitor shall have reasonable and timely access to all employees and to relevant policies, data (including databases), and non-privileged documents and information necessary or appropriate to the exercise of her duties described herein. The Monitor, as she deems necessary and appropriate, shall have physical access to the Covered Stations. The Consent Decree Monitor shall be provided with the confidential protective order entered in this case and all information and

materials provided to the Consent Decree Monitor shall be governed by such order, to the extent applicable.

29.     Beginning nine (9) calendar months after entry of the Decree, and 18, 27, 36, and 45 calendar months after entry of the Decree, the Consent Decree Monitor shall submit a written report to EEOC, Plaintiff-Interveners, and the Court regarding DHL's compliance with the Decree.  The report shall include the following:

a.   an assessment of whether DHL has successfully complied with each specific non-monetary term of this Decree;

b.   for each specific term of this Decree that has not been fully complied with, a statement discussing the reasons for DHL's failure to comply with the specific term;

c.   a discussion of barriers perceived by the Consent Decree Monitor, if any, to DHL's compliance with the Decree;

d.   a summary of the analysis, conclusions, and recommendations with respect to work assignments, per Paragraphs 33-35 below;

e.   a description of the Consent Decree Monitor's recommendations to DHL to effectuate the purposes of this Decree, including recommendations for any changes to existing practices, policies, or programs or any additional polices, practices or programs, and the Company's response to those recommendations; and

f.   any other matter falling within the scope of the Consent Decree Monitor's authority.

A copy of the report shall also be provided to DHL at the time it is submitted.

30.     DHL shall compensate the Consent Decree Monitor at her reasonable and customary hourly rate, or upon other terms agreed upon by DHL and the Monitor (however, a flat rate or a cap on hours may not be agreed to without the prior consent of the EEOC). DHL shall pay reasonable costs and expenses incurred or caused to be incurred by the Monitor in connection with the performance of her duties under the Decree. In connection with the performance of her duties under this Consent Decree, the Monitor may obtain the assistance and services of a data analyst and may also obtain additional paid staff, experts, and service providers of her choice, arrange for utilization of telecommunications, copying, word and data processing and other equipment and services, and take such other actions as the Monitor, acting in her discretion, shall determine are reasonably necessary and appropriate. DHL shall promptly, and within a period not to exceed 60 calendar days, pay all fees, costs and expenses of the type contemplated by this paragraph which have been certified in writing by the Monitor to DHL to have been reasonably incurred by the Monitor in connection with the performance of the Monitor's duties under this Consent Decree.

31.     DHL shall indemnify, defend, and hold harmless the Consent Decree Monitor with respect to liability for any reasonable costs and expenses and for claims made against the Monitor or her agents by anyone arising out of or related to her duties or alleged failure of her duties herein and to the same extent and degree as the indemnification DHL provides to its officers and directors for claims or actions against them arising out of or relating to their duties.

### SPECIFIC ROLE OF THE MONITOR REGARDING WORK ASSIGNMENTS

32.     Former EEOC Vice Chair and Commissioner Leslie Silverman shall also oversee the analysis of data provided by DHL under the Reporting section of this Agreement.

33.     Within ninety (90) calendar days after entry of this Decree, the Monitor will

11

complete her review of DHL's work assignment policies and practices and issue a report (the "Work Assignment Report"). The Work Assignment Report shall contain recommendations as to the methods by which DHL can modify as necessary its current procedures or adopt new procedures designed to ensure that the procedures are fair and do not have the intent or effect of discriminating against any employee on the basis of race. The Monitor shall provide copies of the report to the EEOC, and DHL. Within sixty (60) calendar days of receiving the Work Assignment Report, DHL shall implement each of the Monitor's recommendations at the Covered Stations, unless DHL can show that a recommendation would be unreasonable or violative of its existing obligations under the NLRA or collective bargaining agreement covering employees or would impose an undue hardship on DHL.

34.     If the EEOC disagrees with DHL's decision not to implement a recommendation contained in the Work Assignment Report, DHL shall explain in writing the basis for its decision not to implement the specific recommendation and provide an alternative recommendation that is consistent with the goals or objective of the recommendations of the Monitor and this Decree. Such written explanation will be distributed to the EEOC and the Consent Decree Monitor.  If the EEOC disagrees with DHL's decision not to implement a recommendation contained in the Report or disagrees with DHL's alternative recommendation, the EEOC, Consent Decree Monitor, and DHL shall meet and confer in an attempt to work out any disagreements.  If no agreement is reached, the parties may seek relief from the Court pursuant to the dispute resolution procedure set forth in Paragraph 47.

35.     Within ninety (90) calendar days of receiving work assignment data pursuant to Paragraphs 43 and 45, the Monitor will provide a report to the Parties containing an analysis of whether there are disparities in work assignments based on race, including route assignments and

dock assignments. The Monitor shall use her professional expertise and judgment in determining what type(s) of analysis to perform.

36.     DHL shall fully cooperate with the Monitor by promptly responding to any inquiries of the Monitor about the data or DHL's work assignment practices which may include providing requested non-privileged information or access to employees who can provide requested information.

## ANTI-DISCRIMINATION POLICY AND COMPLAINT PROCEDURE

37.     DHL shall maintain a policy against race discrimination and harassment, which shall remain in effect for the duration of this Decree.  Within thirty (30) calendar days of entry of the Decree, DHL shall confirm, adopt or revise as necessary, a policy against race discrimination which shall, at a minimum:

>    a.   specifically prohibit all discrimination against employees on the basis of race and provides examples of race discrimination.

>    b.   inform employees that they may raise complaints orally or in writing with supervisors, managers, or Human Resources representatives (identified by name with phone number(s)), the Powerline/Alertline, and/or the Consent Decree Monitor (identified by name with phone number) and the company will investigate such complaints.

>    c.   provide that managers or supervisors who become aware of or witness inappropriate behavior are required to intervene and to report such behavior to Human Resources.

    d.   inform employees that complaints of discrimination will be investigated thoroughly and promptly, including anonymous complaints made through the Powerline/Alertline.

    e.   provide that employees who violate the policy are subject to discipline up to and including discharge.

    f.   require the designation of a full-time employee with responsibility for promptly investigating complaints of discrimination and for implementing the terms of this Consent Decree; and

    g.   requires that all supervisors and managers, will be evaluated, among other criteria, based upon their compliance with DHL's anti-discrimination policies.

38.    No later than sixty (60) calendar days after entry of the Decree, DHL shall distribute a copy of its anti-discrimination policy, as modified, to each employee of DHL employed at any Covered Station.

39.    DHL shall develop and maintain or update DHL's policy applicable to internal investigation of all complaints concerning alleged race discrimination or retaliation for reporting race discrimination. DHL's policy shall, at a minimum, require that:

    a.   DHL make all reasonable efforts to fully investigate all complaints of racial discrimination or retaliation for reporting racial discrimination, including anonymous complaints made through the Powerline/Alertline, within fourteen (14) calendar days of the date of the allegation is brought to the attention of a supervisor, manager, or human resources department employee;

    b.   to the extent possible, all interviews be conducted in person;

    c.   to the extent possible, all material witnesses be interviewed;

d.  DHL prepare written findings of the results of each investigation;

e.  the findings and any remedial actions taken be communicated to the alleged victim of discrimination by Human Resources, orally or in writing; and

f.  all results of race discrimination and retaliation investigations are sent to the responsible Human Resources Manager; and

g.  nothing in this Paragraph is intended to waive any claims of attorney-client privilege; however, to the extent DHL asserts such a defense for disclosure, it will advise the EEOC and Monitor; further, if after good faith meet and confer over such assertion the parties' disagreement is not resolved, the parties may seek relief from the Court pursuant to the dispute resolution procedure set forth in Paragraph 47.

## **TRAINING**

40.     Within ninety (90) calendar days of entry of this Decree, and within ninety (90) calendar days of each annual anniversary of the Decree, DHL shall provide training on race discrimination and its policy against race discrimination to all employees at the Covered Stations and to all other employees who directly oversee any aspect of operations or human resources at the Covered Stations. The training shall be provided and paid for by DHL and approved by EEOC as provided below. Employees with supervisory, managerial, or human resources responsibilities shall participate in additional training that, in addition to covering race discrimination and DHL's policy against racial discrimination, shall address their responsibilities when they become aware of or receive a complaint of race discrimination. DHL shall maintain a registry of attendance for each training session.

41.     DHL shall obtain approval from EEOC of its proposed trainer and training materials prior to the beginning of the training session(s). EEOC shall have fourteen (14) calendar days from the date of receipt of the information to accept or reject the proposed trainer and training materials. In the event EEOC does not approve DHL's proposed trainer or training materials, DHL shall, within thirty (30) calendar days identify another trainer or training materials and submit the required information to EEOC. EEOC shall have seven (7) calendar days to accept or reject the alternate trainer or training materials. If the parties cannot agree on the trainer or training materials, then they may seek the Court's assistance under Paragraph 47.

42.     Within fourteen (14) calendar days after the annual training sessions are completed, DHL shall certify to the Consent Decree Monitor that the required trainings have taken place and that the required personnel have attended. Such certifications shall include: (i) the date, location, and duration of the training; (ii) a list of all employees required to participate in the training session, including position held, and an indication of whether they received the training; (iii) to the extent not all required personnel have received the required training, a plan to provide them with the required training; and (iv) a copy of all written materials or presentation slides used during the training and/or provided to participants of the training sessions.

## RECORD KEEPING

43.     For the duration of the decree, DHL shall maintain and make available for inspection and copying by the EEOC and the Consent Decree Monitor the following:

> a. Records sufficient to identify the driver assigned to each route out of the Covered Stations, including the name, phone number, address, and race of each driver, date(s) of assignment, route number or other route identification,

and the geographic area of the route (e.g., pick up or delivery addresses or coordinates, route maps, description of route boundaries);

b.  Route maps and any other records depicting or describing the geographic territory covered by routes;

c.  Records reflecting dock assignments or the freight handled by each dockworker;

d.  Records related to each complaint of race discrimination or retaliation for making a complaint of race discrimination, including the name, address, and telephone number of the complainant; copies of all written complaints, all non-privileged documents related to any investigation of such complaints, and all records related to any actions taken as a result of the investigation; and

e.  Records related to the training required by the Decree;

44.    DHL shall make all documents or records referred to in Paragraph 43 above, available for inspection and copying within twenty-one (21) calendar days after EEOC or the Consent Decree Monitor so requests.  In addition, DHL shall require personnel within its employ to cooperate reasonably with and to be interviewed by the Monitor when requested for purposes of verifying compliance with this Decree.

## **REPORTING**

45.    DHL shall furnish to the Consent Decree Monitor, the EEOC, and Plaintiff-Interveners the following written reports periodically for the duration of this Decree.  The first report shall be due six (6) months after entry of the Consent Decree, with subsequent reports due 15, 24, 33, and 42 months after entry of the Consent Decree.  Each such report shall contain (as applicable):

17

a.  In the initial report, a description of DHL's policies and practices regarding route and dock assignments, including a description of who makes the assignments, the factors considered in making assignments, and any practice for documenting work assignments. In subsequent reports, DHL should describe changes, if any, to the assignment policies and practices as described in the initial report.

b.  A summary of all complaints of 1) race discrimination, and 2) retaliation related to complaints of race discrimination or due to activities related to this Decree, received at the Covered Stations during the six (6) month period preceding the report, including the date the complaint was made, who made it, what was alleged, and non-privileged information regarding what actions DHL took to resolve the matter.

c.  The data required to be maintained in Paragraph 43 regarding route assignments.

d.  Data required to be maintained in Paragraph 43 regarding dock assignments.

e.  A certification that the Notice required to be posted in Paragraph 46, below, remained posted during the entire six (6) month period preceding the report.

## POSTING AND DISTRIBUTION OF NOTICE

46.     No later than fourteen (14) calendar days after entry of this Decree, DHL shall post copies of the Notice attached as **Exhibit C** to this Decree in conspicuous locations, either physical or electronic, easily accessible to and commonly frequented by employees of DHL. The Notice shall remain posted in this manner for the term of this Decree. DHL shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other

18

material. DHL shall permit a representative of the EEOC to enter or access its premises, whether physical or electronic, for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## DISPUTE RESOLUTION

47.     If EEOC or Plaintiff-Intervenors, during the term of this Decree, believes that DHL has failed to comply with any provision(s) of the Decree, EEOC or Plaintiff-Intervenors shall notify DHL of the alleged noncompliance and shall afford Defendant fourteen (14) calendar days to remedy the noncompliance or satisfy EEOC or Plaintiff-Intervenors that Defendant had complied. If within fourteen (14) calendar days DHL has not remedied the alleged noncompliance or satisfied EEOC or Plaintiff-Intervenors that it has complied, EEOC or Plaintiff-Intervenors may apply directly to the Court for relief. However, if Defendant does not make any payment as provided for in paragraph 14, above, Plaintiffs may seek immediate relief from the Court.  In resolving any dispute under this Paragraph, if the Court finds noncompliance by a preponderance of the evidence, the Court may grant any relief it determines to be appropriate, which may include modification of the term or any other provision of this Decree, monetary sanctions, reasonable attorneys' fees, and/or any appropriate relief available to a court of equity.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

48.     This Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of four (4) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 47, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to

enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

49.     Unless otherwise specified, all time periods in this Decree shall be calculated by counting calendar days. If the last day of a period falls on a Saturday, Sunday, or holiday, the period will continue to run until the next day that is not a Saturday, Sunday, or holiday.

50.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in Paragraph 12 of this Decree.

51.     This Consent Decree may be executed by the Parties in one or more counterparts each of which shall be deemed an original but all of which together shall constitute one and the same instrument. An Executed photocopy shall be deemed an original.

52.     DHL shall not condition the receipt of monetary relief on the agreement of any recipient to: (a) waive any statutory rights to file a charge with any governmental agency; (b) enter into a non-disparagement or confidentiality agreement; or (c) agree not to reapply to work for DHL.

53.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of DHL. Prior to any sale or other transfer of any of DHL's business or sale or other transfer of all or a substantial portion of any DHL's assets, DHL shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

54.     When this Decree requires a certification by DHL of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of DHL to the best of such officer or management employee's knowledge, information, and belief.

55.     If any provision(s) of this Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

56.      When this Decree requires the submission by DHL of reports, certifications, notices, or other materials to the EEOC, they shall be sent to DHL Settlement Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604. By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail.


SO ORDERED, ADJUDGED, and DECREED on this _____ day of _____ 2024.

By the Court:


                                                    _____
                                                    ANDREA WOOD
                                                    United States District Judge

AGREED TO IN FORM AND CONTENT:

**FOR THE PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION:**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel
131 M. Street NE
Washington, DC 20507

GREGORY GOCHANOUR
Regional Attorney

ETHAN COHEN
Assistant Regional Attorney


*Laurie S. Elkin*

Laurie Elkin
EEOC Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago IL 60604
312-972-9708
laurie.elkin@eeoc.gov

*Ann Henry*

Ann Henry
EEOC Chicago District Office
230 S. Dearborn Street, Suite 2920
Chicago IL 60640
312-872-9659
ann.henry@eeoc.gov

*Jeanne B. Szromba*

Jeanne Szromba
EEOC Chicago District Office
230 S. Dearborn Street, Suite 2920
Chicago IL 60640
312-872-9692
jeanne.szromba@eeoc.gov

Dated: April 4, 2024

**FOR THE PLAINTIFF INTERVENORS:**

*Lee Winston*

Lee Winston
WINSTON COOKS, LLC
420 20TH Street, Suite 2200
Birmingham, AL 35203
Tel: (205) 502-0940
Fax: (205) 278-5876
lwinston@winstoncooks.com

*Roderick T. Cooks*

Roderick Cooks
WINSTON COOKS, LLC
420 20TH Street, Suite 2200
Birmingham, AL 35203
Tel: (205) 482-5174
Fax: (205) 278-5876
rcooks@winstoncooks.com

Dated: _____

**FOR THE DEFENDANT,**
**DHL EXPRESS (USA), INC.**

*Rich Lapp*

Richard B. Lapp
Trial Attorney

Camille A. Olson
Trial Attorney

Uma Chandrasekaran
Trial Attorney


SEYFARTH SHAW LLP
233 S. Wacker Dr., St. 8000
Chicago, IL 60606
(312) 460-5000

Dated: April 15, 2024

**EXHIBIT A**

**RELEASE FOR NON-INTERVENOR CLAIMANTS**

In consideration of $_____ to be paid to me by DHL Express (USA), Inc., in connection with the resolution of *EEOC, et al., v. DHL Express (USA), Inc.*, Case No. 10-CV-06139 (N.D. Ill.), I waive my right to recover for any claims of race discrimination and segregation arising under Title VII that I had against DHL Express (USA), Inc. on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC, et al., v. DHL Express (USA), Inc.*, Case No. 10-CV-06139 (N.D. Ill.).


Signed: _____     Date: _____
      [Name]

Printed Name: _____

Mailing Address:

_____

_____

23

**EXHIBIT B**

**ACKNOWLEDGEMENT AND GENERAL RELEASE ("GENERAL RELEASE") FOR PLAINTIFF INTERVENORS**

**PLEASE READ THIS CAREFULLY.**

**IT CONTAINS A RELEASE AND WAIVER OF LEGAL RIGHTS AND CLAIMS.**

1.      In consideration of $_____ to be paid to me by DHL Express (USA), Inc., in connection with the resolution of *EEOC, et al., v. DHL Express (USA), Inc.*, Case No. 10-CV-06139 (N.D. Ill.), I am releasing any claim for race discrimination or segregation, whether currently known or unknown to me, that were asserted or could have been asserted against Released Parties ("Released Parties"), defined below, in the EEOC action arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C § 1981, or any other applicable federal, state, or local law that exists at the time I sign this Release ("Released Claims"). This is a general release and this release includes claims for race discrimination, segregation, racial harassment, other types of discrimination or harassment (including but not limited to claims for discrimination based on any protected status, such as sex, religion, national origin, disability, and age), and related retaliation claims for monetary relief or damages that have been or may be asserted by me or any other person or entity, including any government agency, on my behalf, in any action, including but not limited to a representative, class, or collective action. I understand that in addition to entering into this Acknowledgment and Release, I must also provide a completed IRS Form W-9 before DHL pays me the above monies.

2.      Nothing in this Release shall be deemed to be a release or waiver of (a) claims that arise after the date I sign this Release; (b) claims that arise out of or in connection with the interpretation or enforcement of this Release; (c) claims that are not waivable under applicable federal, state, or local law; and (d) rights under Worker's Compensation or Unemployment Insurance law. I understand that this Release does not prohibit me from: (1) Filing a claim with a government agency that is responsible for enforcing a law; however, I understand that I will not be entitled to recover any monetary damages or any other form of personal relief in connection with such a claim, investigation, or proceeding relating to claims released herein; (2) Providing information regarding my employment as may be required by law or legal process; or (3) Cooperating, participating, or assisting in any government or regulatory entity investigation or proceeding.

3.      I also understand that the Released Parties include the following entities and persons: DHL Express (USA), Inc. ("DHL") and DHL's current and former parents and subsidiaries, and each entities' current and former officers, directors, employees, assigns, agents, representatives, successors, plans and plan trustees, contractors, shareholders, attorneys, and insurers.

I hereby AFFIRM AND ACKNOWLEDGE that:

I have had sufficient time and opportunity to review and discuss this Release with my attorney to the extent I deem that necessary. I enter into this Release voluntarily, with a full understanding of, and in agreement with, all of its terms. I knowingly and voluntarily sign this Release as of the date set forth below.


Signed: _____          Date: _____
        [Name]

Printed Name: _____

Mailing Address:

_____

_____

# EXHIBIT C
## NOTICE TO DHL EMPLOYEES IN THE CHICAGOLAND AREA

This notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC, et al., v. DHL Express (USA), Inc.*, Case No. 10-CV-06139 (N.D. Ill.), resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against DHL Express (USA), Inc. ("DHL").

In the suit, the EEOC alleged that DHL violated Title VII of the Civil Rights Act of 1964 by discriminating against Black driver/dock workers in the terms and conditions of their employment by assigning them to routes in more dangerous neighborhoods and to harder dock work because of their race. EEOC also alleged that DHL violated Title VII by segregating Black drivers from White drivers by assigning Black drivers to routes in predominately Black neighborhoods and assigning White drivers to routes in predominantly White neighborhoods and by making dock assignments based on race. DHL denied that it discriminated against Black drivers and denied that it segregated Black drivers to routes in predominately Black neighborhoods. DHL further denied that it makes dock assignments based on race. DHL filed an Answer denying these allegations.

To resolve the case, DHL, Plaintiff-Intervenors, and the EEOC have entered into a Consent Decree which provides, among other things, that:

1. DHL will pay $8,700,000 to alleged victims of race discrimination.

2. DHL is enjoined from discriminating against any employee because of race, including by making work assignments based on race.

3. DHL will engage a Monitor to analyze work assignment procedures and practices at DHL to determine whether there are disparities in assignments based on race. The Monitor will also oversee investigation of complaints of race discrimination and to Monitor DHL's compliance with the Consent Decree.

4. DHL will distribute policies against race discrimination to its employees and will train employees regarding laws prohibiting race discrimination.

5. DHL and the Monitor will provide periodic reports to the EEOC regarding DHL's compliance with the terms of the Decree.

6. DHL is enjoined from retaliating against any person for opposing any practice made unlawful by Title VII, filing a charge of discrimination, participating in any Title VII proceeding, or asserting any rights under the Consent Decree.

7. The Consent Decree should not be construed as an admission of wrongdoing or liability by DHL in this or any other proceeding.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE
**This Notice must remain posted for four (4) years from the date below and must not be altered, defaced or covered by any other material. Questions about this Notice or compliance with its terms may be directed to: DHL Settlement, EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

_____                          _____
Date                                             The Hon. Andrea R. Wood
                                                 United States District Court